James DULANEY, Petitioner—
Appellant,

v.

Rick TONEY, Warden, Respondent—
Appellee.

No. 03–55597.

D.C. No. CV–01–01832–TJW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 3, 2004.

Decided Dec. 2, 2004.

Before SCHROEDER, Chief Judge,
GOULD and CLIFTON, Circuit Judges.

MEMORANDUM *

Petitioner James C. Dulaney appeals the
district court's denial of his petition for
writ of habeas corpus brought under 28
U.S.C. § 2254. We affirm.

Petitioner's habeas claim is governed by
the Anti–Terrorism and Effective Death
Penalty Act. *Rios v. Rocha,* 299 F.3d 796,
799 n. 4 (9th Cir.2002). Under AEDPA, a
habeas petition cannot be granted unless
the state court decision was: (1) "contrary
to, or involved an unreasonable application
of, clearly established Federal law, as de-
termined by the Supreme Court of the
United States;" or was (2) "based on an
unreasonable determination of the facts in
light of the evidence presented in the State
court proceeding." 28 U.S.C. § 2254(d)(1)-
(2).

A. **The Allegedly Improper Joinder of
Counts 1 and 2**

The district court did not err in uphold-
ing the California Court of Appeal's con-
clusion that the joinder of Counts 1 and 2
did not substantially prejudice the jury
verdict. The Court of Appeal held that
Petitioner had to show "substantial preju-
dice" in order to merit relief. This test is
compatible with both Supreme Court and
Ninth Circuit law. *See United States v.
Lane,* 474 U.S. 438, 449, 106 S.Ct. 725, 88
L.Ed.2d 814 (1986); *see also Davis v.
Woodford,* 384 F.3d 628, 638 (9th Cir.2004).

Furthermore, the Court of Appeal's de-
cision was not an "unreasonable applica-
tion" of clearly established federal law to
the facts of the case or "based on an
unreasonable determination of the facts in
light of the evidence presented." *See* 28
U.S.C. § 2254(d); *Davis,* 384 F.3d at 637–
38. On at least two occasions, the trial
court properly instructed the jury not to
consider evidence from Count 1 when de-
ciding Count 2. *See Lane,* 474 U.S. at 450;
*Davis,* 384 F.3d at 639. In addition, there
was strong evidence that Petitioner com-
mitted the murder charged in Count 2
because he confessed to three witnesses
and the jury found their testimony credi-
ble. *See id.* (considering the relative evi-
dentiary strengths of the joined counts
when conducting a prejudice analysis). Fi-
nally, all of the evidence was simple and
distinct and easily compartmentalized by
the jury. *See id.* (concluding that a jury
has a better chance of compartmentalizing
evidence and following a court's instruc-
tions to consider counts separately when
the evidence of each crime is simple and
distinct).

---

## B. District Court's Failure To Hold an Evidentiary Hearing

Moreover, the district court did not abuse its discretion when it denied Petitioner's ineffective assistance of counsel claim without first holding an evidentiary hearing. *See Karis v. Calderon*, 283 F.3d 1117, 1126–27 (2002) (reviewing the denial of a request for an evidentiary hearing for an abuse of discretion). A petitioner is generally entitled to an evidentiary hearing if "(1) [his] allegations would, if proved, entitle him to relief; and (2) the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts." *Jones v. Wood*, 114 F.3d 1002, 1010 (9th Cir.1997).

Petitioner has not alleged any facts that entitle him to relief. It was not clearly erroneous for the district court to determine that Petitioner's medical records failed to establish that his wounds made it impossible for him to have committed the murder charged in Count 2. *See Lopez v. Thompson*, 202 F.3d 1110, 1116 (9th Cir. 2000) (en banc) (stating that we review a district court's findings of fact for clear error). Moreover, Petitioner's conclusory and unsupported allegations that his treating physicians would have testified that he could not have committed the murder are not sufficient to entitle him to a hearing. *See Campbell v. Wood*, 18 F.3d 662, 679 (9th Cir.1994) (holding conclusory allegations were insufficient to justify an evidentiary hearing).

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.